Rosemary J. Bruno
Christopher J. Dalton
BUCHANAN INGERSOLL & ROONEY PC
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey 07102
973-273-9800
Attorneys for Defendants
 BMW of North America, LLC and
 Bayerische Motoren Werke Aktiengesellschaft

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBERT GRAY, and MARKUM GEORGE, individually, and on behalf of a class of similarly situated individuals, | : <br> : <br> : <br> : | Civil Action No. 2:13-cv-3417(WJM)(MF) |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | **PROPOSED** <br> **JOINT DISCOVERY PLAN** |
| BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, | : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   Matthew R. Mendelsohn, Esq.
   MAZIE SLATER KATZ & FREEMAN, LLC
   103 Eisenhower Parkway
   Roseland, New Jersey 07068
   973-228-0391 (t)
   973-228-0303 (f)
   Attorneys for Plaintiffs,
    Robert Gray and Markum George

   Christopher J. Dalton, Esq.
   BUCHANAN INGERSOLL & ROONEY PC
   550 Broad Street, Suite 810
   Newark, New Jersey 07102
   973-273-9800 (t)
   973-273-9430 (f)
   Attorneys for Defendants
    BMW of North America, LLC and
    Bayerische Motoren Werke Aktiengesellschaft

2.      Set forth a brief description of the case, including the causes of action and defenses asserted.

> *This is a class action brought by Plaintiffs against BMW of North America, LLC ("BMW NA") and Bayerische Motoren Werke Aktiengesslschaft ("BMW AG"), on behalf of all current and former owners and lessees of any 2004 to 2010 model year BMW E64 (6 Series Convertible) vehicles in the state of California.*
>
> *Plaintiffs bring this action individually and on behalf all Class Members, i.e., persons in the United States who purchased or leased any 2004-2010 model year BMW E64 (6 Series Convertible) vehicles (collectively, "Class Vehicles"). Plaintiffs allege that since 2004, if not before, BMW knew or should have known that the Class Vehicles and their convertible tops contain one or more design and/or manufacturing defects that prevent their convertible tops from completely opening and closing; cause their convertible tops to become jammed into a fixed position; and cause the convertible top operation light to flash, the "top not locked" warning message to appear, and/or an alarm to sound (the "Convertible Top Defect" or "defect"). When this occurs, consumers cannot open the trunk lid and/or are unable to roll the windows up or down. Plaintiffs also allege that the Convertible Top Defect, which can cost up to $5,000 to repair or replace, is a serious safety hazard.*
>
> *Plaintiffs assert claims for violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 et seq.; common-law fraud; breach of the implied contractual covenant of good faith and fair dealing; unjust enrichment; violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code §1750 et seq.; violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §17200 et seq.; and violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), California Civil Code §§ 1791.1 and 1792 et seq.[1]*
>
> *BMW NA denies that the BMW E64 vehicles are defective, and denies all purported violations alleged in the First Amended Class Action Complaint. BMW NA denies that this action is appropriate for treatment as a class action.*

---

[1] By Opinion and Order dated May 28, 2014 (DE 21 and 22), the Court dismissed Plaintiffs' claims against BMW NA alleging violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A 56:8-1 et seq. (Count I); breach of the duty of good faith and fair dealing (Count III); unjust enrichment (Count IV); and violation of California's Song-Beverly Consumer Warranty Act, California Civil Code §§ 1791.1 and 1792 et seq. (Count VII). BMW AG, which was only recently served, filed a motion to dismiss all claims against it on July 7, 2014. The parties intend to submit a proposed Stipulation requesting a modified briefing schedule on this motion.

3.      Have settlement discussions taken place? Yes____ No __X__

     (a)     What was plaintiff's last demand? N/A
          (1)     Monetary demand: $ _____
          (2)     Non-monetary demand: _____

     (b)     What was defendant's last offer? N/A
          (1)     Monetary offer: $ _____
          (2)     Non-monetary offer: _____

4.      The parties [have __X__ have not ____] met pursuant to Fed. R. Civ. P. 26(f).

5.      The parties [have ____ have not __X__ ] exchanged the information required by
Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

       *Disclosures will be exchanged by August 15, 2014.*

6.      Explain any problems in connection with completing the disclosures required
by Fed R. Civ. P. 26(a)(1).

       *None.*

7.      The parties [have ____ have not __X__] conducted discovery other than the
above disclosures. If so, describe.

8.      Proposed joint discovery plan:

     (a)     Discovery is needed on the following subjects:

*Plaintiffs expect that discovery will be needed on the following subjects:*

     *(i)     the cause of the Convertible Defect contained in the Class Vehicles and the
earliest existence of such problem;*

     *(ii)    the design and manufacture of the Class Vehicles prior to and during the
Class Period;*

     *(iii)   assessments, engineering analyses, tests, test results, studies, surveys,
simulations, investigations or inquiries concerning the Convertible Defect
contained in the Class Vehicles;*

     *(iv)    the warranties on all Class Vehicles pertaining to the Convertible Defect;*

     *(v)     any proposed redesign or repair of the Class Vehicles aimed to avoid or
remedy the Convertible Defect;*

     *(vi)    any proposed recalls or customer satisfaction campaigns concerning the
Convertible Defect;*

3

(vii)    *any complaint, repair, request for goodwill and/or warranty claim received by Defendants regarding the Convertible Defect in the Class Vehicles;*

(viii)   *the marketing materials concerning the Class Vehicles;*

(ix)    *communications between or among BMW NA, BMW AG, or third parties concerning the Convertible Defect;*

(x)     *damages; and*

(xi)    *the elements of Rule 23 (i.e., numerosity, commonality, typicality, and maintainability).*

**BMW NA expects that discovery will be needed on the following subjects:**

 (i)     *Information relating to the facts underlying each Plaintiff's legal claims;*

 (ii)    *Information relating to each Plaintiff's use and maintenance of his or her BMW vehicle;*

 (iii)   *Examination and analysis of the allegedly-defective convertible roofs in each Plaintiff's BMW vehicle;*

 (iv)    *Information relating to what BMW materials, if any, Plaintiffs received and/or reviewed prior to purchasing a BMW vehicle;*

 (v)     *Information relating to Plaintiffs' alleged damages;*

 (vi)    *Information relating to any other potential class representatives or class members known to Plaintiffs; and*

 (vii)   *Information relating to Plaintiffs' claim that a uniform defect exists, including information obtained through experts.*

(b)     Discovery [should ____  should not __X__] be conducted in phases or be limited to particular issues. Explain.

(c)     Proposed schedule:

 (1) Fed. R. Civ. P. 26 Disclosures by August 15, 2014.

 (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) by August 15, 2014.

 (3) Service of initial written discovery by August 29, 2014.

 (4) Maximum of 25 Interrogatories by each party to each other party.

(5) Maximum of <u>10</u> depositions to be taken by each party.
[Note: Rule 30(b)(6) deposition counts as only one deposition regardless of number of representatives required.]

(6) Motions to amend or to add parties to be filed by <u>October 31, 2014</u>.

(7) Factual discovery to be completed by <u>March 31, 2015</u>.

(8) Plaintiff's expert report due on <u>April 30, 2015</u>.

(9) Defendant's expert report due on <u>May 29, 2015</u>.

(10) Expert depositions to be completed by <u>June 30, 2015</u>.

(11) Motions for class certification and dispositive motions to be served within <u>twenty (20)</u> days of completion of expert depositions.

*Note: While the Plaintiffs agree to the above schedule, their agreement is premised on the Defendants' timely production of discovery. If Defendant requires time to produce documents beyond the deadlines set forth in the FRCP, then these deadlines will likely have to be amended.

*Note: In addition, depending upon the outcome of BMW AG's pending motion to dismiss, if BMW AG remains in this action, these deadlines will likely have to be amended.

(d)     Set forth any special discovery mechanism or procedure requested.

*BMW vehicles are designed and manufactured by co-defendant BMW AG of Munich, Federal Republic of Germany. BMW NA submits that, insofar as Plaintiffs require discovery from BMW AG, they will need to conduct it pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters as applied to German-based entities.*

*Plaintiffs assert that as a party in this case, BMW AG is required to respond to discovery in the same manner they would if they were a domestic corporation.*

(e)     A pretrial conference may take place on [T/B/D]

*The parties propose that they submit a pretrial conference date within fourteen (14) days of the Court's decision on class certification.*

(f) Trial date: [T/B/D/] [ __X__ Jury Trial; ___Non-Jury Trial].

9.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes __X__ No ____.

If so, please explain.

> *See response to Question 8(d), above.*

10.     Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes _____ No ___X___.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

> *The parties expect to be able to work cooperatively to produce ESI.*

11.     Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

> *Yes.*

12.     Do you anticipate any discovery problem(s) not listed above? Describe.

Yes _____ No ___X___.

13.     State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

> *Not at this time.  However, mediation may be appropriate after the completion of discovery.*

14.     Is this case appropriate for bifurcation? Yes _____ No ___X___.

15.     An interim status/settlement conference (with clients in attendance), should be held in November 2014.

16.     We [do _____ do not ___X___] consent to the trial being conducted by a Magistrate Judge.

17.     Identify any other issues to address at the Rule 16 Scheduling Conference.

> *None.*

| | |
|---|---|
| __ s/ Matthew R. Mendelsohn__<br>Matthew R. Mendelsohn, Esq.<br>MAZIE SLATER KATZ & FREEMAN, LLC<br>103 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>973-228-0391 (t)<br>973-228-0303 (f)<br>Attorneys for Plaintiffs<br>  Robert Gray and Markum George<br><br>July 14, 2014 | __ s/Christopher J. Dalton__<br>Christopher J. Dalton, Esq.<br>BUCHANAN INGERSOLL &<br> ROONEY PC<br>550 Broad Street, Suite 810<br>Newark, New Jersey 07102<br>973-273-9800 (t)<br>973-273-9430 (f)<br>Attorneys for Defendant,<br> BMW of North America, LLC and<br> Bayerische Motoren Werke<br> Aktiengesellschaft<br><br>July 14, 2014 |