## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**ROBERT GRAY and MARKUM GEORGE, individually, and on behalf of a class of similarly situated individuals,**

     **Plaintiff,**

     v.

**BMW OF NORTH AMERICA, LLC and BMW AKTIENGESELLSCHAFT,**

     **Defendants.**

Civ. No. 13-cv-3417 (WJM)

**ORDER**

     **THIS MATTER** comes before the Court upon an unopposed motion by Plaintiffs Robert Gray and Markum George ("Plaintiffs"), individually and on behalf of a putative class of similarly situated individuals, to enter an order preliminarily approving a proposed settlement in the above-captioned putative class action (the "Action") between Plaintiffs and Defendants BMW North America LLC and BMW Aktiengesellschaft ("Defendants"), pursuant to the parties' Settlement Agreement; the Court having read and considered the Settlement Agreement and accompanying documents, and the parties having consented to the entry of this Order, and for good cause shown;

**IT IS** on this 17th day of February, 2017, hereby,

**ORDERED** as follows:

     1.    In addition to the terms defined in this Order, the Court incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. For purposes of settlement only, the following Settlement Class is certified:

All persons or entities in the United States, the District of Columbia, and Puerto Rico who currently own or lease, or previously owned or leased, a model-year 2004 to 2010 BMW 6 Series (E64) Convertible.

3. Solely for the purposes of the settlement, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class Members; (iii) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (iv) the Class Representatives will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (vi) certifying the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Plaintiffs Robert Gray and Markum George are hereby appointed as Class Representatives.

5. The Court hereby appoints Mazie Slater Katz & Freeman, LLC and Strategic Legal Practices, APC as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

6. The Court finds that (i) the proposed Settlement Agreement resulted from extensive arm's-length negotiations, including a mediation session in front of an experienced mediator; (ii) the proposed settlement was concluded after counsel for all Parties had conducted adequate investigation; and (iii) the terms of the proposed settlement

are sufficiently fair, reasonable, and adequate to warrant sending the Notice in the form attached as Exhibit 1 to the Settlement Agreement ("Notice") and holding a hearing regarding final approval of the proposed settlement. Accordingly, the Court grants preliminary approval of the settlement.

7.  The Court approves, in form and substance, the Class Notice. The form and method of notice specified in the Settlement Agreement is the best notice practicable and shall constitute due notice of the final settlement hearing and the pendency of the Action to all persons entitled to receive notice, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and applicable law.

8.  The Court orders the dissemination of Class Notice by April 18, 2017, and the taking of all necessary and appropriate steps to accomplish this task. As set forth in the Settlement Agreement, Defendants shall bear the costs associated with providing Class Notice.

9.  A Final Approval Hearing shall be held on July 20, 2017 at 10:00 a.m. in Courtroom MLK 4B of this Courthouse before the undersigned, to determine (i) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved; (ii) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Class Members should be bound by the release in the Settlement Agreement; (iv) the amount of Class Counsel Fees, Costs, and Expenses to be awarded; (v) the amount of any award to the Class Representatives; and (vi) any other matter that may be relevant to the settlement ("Final Approval Hearing"). The foregoing date, time, and place of the Final Approval Hearing shall be listed in the Notice, but shall

be subject to change by the Court without further notice to the Class Members other than that which may be posted at the Court and on the Court's website. The Court reserves the right to approve the settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Class.

10. Plaintiffs' Motion for Final Approval of Class Action Settlement shall be filed by no later than twenty-four (24) days before the Final Approval Hearing.

11. Class Counsel's motion, on behalf of all Plaintiffs' Counsel for attorneys' fees, costs and expenses, and on behalf of the Settlement Class Representatives for service awards, as set forth in the Settlement Agreement, shall be filed by June 23, 2017.

12. Class Members who wish to exclude themselves must submit an appropriate and timely written request for exclusion within sixty (60) days after dissemination of the Class Notice ("Opt-Out Deadline"). Failure to do so will bind those Class Members who remain in the Class. A Class Member may make a Request for Exclusion by mailing or delivering such request in writing to Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice. Any Request for Exclusion must be postmarked or delivered no later than the Opt-Out Deadline. Any Request for Exclusion must (1) state the Class Member's full name and current address; (2) identify the model year and Vehicle Identification Number ("VIN") of his/her/its Vehicle(s) and the date(s) of purchase or lease; and (3) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Settlement Class. Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and will be deemed to have waived any rights or benefits under this Settlement Agreement.

13. Class Members who wish to object to the Settlement Agreement must submit an appropriate and timely written statement within sixty (60) days after dissemination of the Class Notice ("Objection Date"). A Class Member who has not filed a timely written Request for Exclusion and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the Settlement, or to the requested award of Attorneys' Fees and Expenses and/or Service Awards, must file a written notice of objection by the Objection Date, as well as a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") if he/she/it wishes to appear and be heard at the Final Approval Hearing. To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in the Settlement Class Member's written objection: (1) his/her/its full name, current address, and current telephone number; (2) the model year of his/her/its Vehicle(s), as well as the VIN of his/her/its Vehicle(s) and the date(s) of purchase or lease; and (3) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position. To be valid, an objection also must include a detailed statement of each objection asserted, including the grounds for objection. In addition, any Settlement Class Member objecting to the Settlement must provide a detailed list of any other objections to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she/it must affirmatively so state in the written materials provided in connection with the objection to this Settlement. Finally, any objecting Settlement Class Member may

appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees and reimbursement of reasonable litigation costs and expenses. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice a Notice of Intention to Appear by the Objection Deadline or on such other date that may be set forth in the Class Notice. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in the Settlement and the Class Notice, will be deemed to have waived any objections to the Settlement and will be barred from speaking or otherwise presenting any views at the Final Approval Hearing. Any Settlement Class Member who objects to the Settlement will be entitled to all of the benefits of the Settlement, as long as the objecting Settlement Class Member complies with all the requirements of the Settlement Agreement applicable to Class Members.

14. Any attorneys representing objecting Class Members, at the objecting Class Members' expense, must file a notice of appearance within sixty (60) days after dissemination of the Class Notice.

15. The Court appoints Kurtzman Carson Consultants (KCC) as the Settlement Administrator.

16. Plaintiffs' and Defendants' respective Replies, if any, to any Settlement Class Members' comments or objections, shall be filed no less than seven (7) days before the Final Approval Hearing.

17. No less than ten (10) days prior to the Final Approval Hearing, Defendants will provide to the Court, with a copy to Class Counsel, an affidavit from the Settlement Administrator attesting that Class Notice was disseminated in a manner consistent with the terms of the Settlement Agreement, or those otherwise required by the Court.

18. The Court may, for good cause, extend any of the deadlines in this Order without notice to the Settlement Class Members.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**