

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ROBERT GRAY and MARKUM GEORGE,
 individually and on behalf of a class
of similarly situated individuals,

              Plaintiff,

v.

BMW OF NORTH AMERICA LLC
and BMW
AKTIENGESELLSCHAFT,

              Defendants.

Civil Action No.  13-cv-3417
(WJM)

## OBJECTOR GARY SIBLEY'S RESPONSE
## TO PLAINTIFFS' MOTION REQUIRING
## OBJECTORS/APPELLANTS TO POST A BOND

### INTRODUCTION

COMES NOW Objector Gary W. Sibley ("Sibley"), and files this Response in Opposition to Plaintiffs' Motion Requiring the Objectors to Post a Bond. Objector believes that the amount sought is excessive and, in fact, no grounds for posting a bond exists. The amount of the bond proposed is an amount that far exceeds the allowable under Fed. R. App. P. 39(e) and 28 U.S.C. § 1920.

1

Class Counsel in this matter are well known to Sibley as they have a history of filing class actions against automotive manufacturers and agreeing to settlements that favor themselves over the class. As usual Class Counsel defers to calling Objectors names rather than address the issues. Class Counsel cannot point to any case in which Sibley has been called "disingenuous, outlandish laughable or has attempted to hijack as many dollars as they can wrest from a negotiated settlement", Nor, can they point to a case involving Sibley where he has been sanctioned for any reason, especially a frivolous appeal.

On the other hand class counsel has routinely made specious claims to encourage courts to order excessive bonds. An example is a case cited by class counsel, *Dewey vs. Volkswagen*, 681 F.3d 170 (3rd Cir. 2012).

## CLASS COUNSEL'S MOTION FOR AN APPEAL BOND IN THE AMOUNT OF $15,000.00 IS EXCESSIVE AS A MATTER OF LAW

Plaintiff filed a Motion to impose an appeal bond. For cause, Plaintiff recites that a bond should be set: (1) to insure that the costs of appeal and incidental expenses are paid if appellant is unsuccessful and (2) because Sibley is a serial objector. The affidavit of Matthew Mendelsohn is a deliberate attempt to mislead the Court. There is no breakdown of the costs into specific categories to comprise the $15,000.00. In reality the taxable costs on appeal are likely to be less than $2,000.00. If it is Plaintiff's contention that the bond should be set at

$15,000.00 because of "increased administrative expenses", that reason does not support the necessity for a bond in the amount of $15,000.00.

As Plaintiffs point out in their Brief, Sibley has appealed class action settlements before. In every instance Sibley has fully paid all costs of appeal.

Plaintiff's "frivolous" argument is the same argument made in almost every case by class counsel. It was the same argument that Class Counsel, Mazie Slater Katz & Freeman, made in *Dewey vs. Volkswagen*, 681 F.3d 170 (3rd Cir. 2012), The Court found that the objections made were proper and sustained them. The objections were not only non- frivolous, they were sustained by the 3rd Circuit.

Additionally, in *Dewey* Plaintiffs, through class counsel, (Mazie Slater Katz & Freeman) represented to the Court that $25,000 was a reasonable amount for appellate costs. Of course this was a blatant misrepresentation. Total costs on appeal were $5,148.95. Dewey's record was substantially larger than the record in this case as it occurred before electronic filing of briefs. The costs would be substantially less today for a similar appeal.

More to the point, the issues are not whether objectors are "serial objectors" or what incidental costs might be, but rather whether the appeal itself is frivolous and whether or not a bond is necessary to insure payment of the direct costs of appeal. The answer to both questions is "no".   Fed. R. App. P. Rule 7  requires a bond only if necessary to insure payment of costs on appeal. Sibley has paid all

costs on appeal in every case in which he has been involved. "Frivolous appeal", on the other hand, is a question for the Court of Appeals (see below).

A.   Supposed Grounds for a Cost Bond

The basis of Class Counsel's argument to require the posting of a bond is that the appeal being filed is without merit and is being filed by a serial or professional objector.

RESPONSE

(1)   Sibley objected to the settlement because, among other grounds:

    (a)   the lack of adequate notice;

    (b)   the lack of benefit to the class

    (c)   the plan of allocation; and

    (d)   the amount of attorneys' fees.

    (e)   failure to follow *In Re: Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010).

If the Court had not overruled the objections, there would be no appeal. Every appeal by an objector is under circumstances similar to the circumstances of this case.

B.   Class Counsel's Motion Is Inappropriate

Class Plaintiffs may obtain a bond for anticipated costs under Fed. R. App. P. Rule 7 , but those costs are limited to those set forth in Fed. R. App. P. Rule 39 .

4

The bond   of $15,000.00 sought by class counsel is not conservative, is not for

costs, but rather to deter this appeal.  Class Counsel's claimed bond cost estimate

(in the affidavit of Mendelsohn) is nothing more than "how much I think it will

cost" and contains no data to support $15,000.00.  Even if objectors appeal is

unsuccessful, Plaintiffs would not be allowed to recover "incidental costs". Under

Fed. R. App. P. Rule 7  a bond cannot include attorneys' fees or administrative

costs.  Sibley's objection to the Settlement is not frivolous and the appeal has no

chance of being declared a frivolous appeal by the appellate panel.

It is clear that Class Counsel is seeking a $15,000 bond from Sibley as an

attempt to stifle objectors' appeal.  That is not a proper use of the rules relating to

bonding, and the Court should not allow to it. See Fed. R. App. P. Rule 7

C.     Neither the Objections to Attorneys' Fees or the Appeals Are Frivolous

First, an appeal is frivolous if "the result is obvious or if the claims of error

are wholly without merit."  *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d

1448, 1451 (9th Cir. 1983).

The fact that there is a body of federal jurisprudence regarding attorney's

fees shows reasonable people often differ on this issue.  28 U.S.C.  1927 which

might support a bond for "vexatious litigation conduct," is inapplicable to this

appeal as it requires "bad faith or intentional misconduct by counsel."  Although

the imposition of attorney's fees on appeal as a sanction is allowed under Fed. R.

App. P. Rule 38 it is only available after the appeals court finds an appeal is frivolous, and only upon further motion and hearing. See, *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007).

It is well established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *Azizian*, 499 F.3d at 960; *In re Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993) citing *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985).

## D. Bondable Costs Do Not Include Additional Administrative Expenses, Delay in Distribution or Attorney's Fees

Apart from their claim that frivolity of the appeal supports a bond for attorneys' fees, Class Plaintiffs suggest that this Court has the authority to include prospective attorneys' fees as items of Fed. R. App. P. Rule 7 costs. In fact, the majority rule among circuit courts, endorsed by the Second, Sixth, Ninth and Eleventh Circuits, is that a district court may include attorney's fees in a Fed. R. App. P. Rule 7 Bond, but only if those attorney's fees would be considered

recoverable costs under an applicable fee shifting statute. See, *Azizian*, 499 F.3d at 958.

The amount of the bond that Class Counsel seek is simply not permitted by Fed. R. App. P. Rule 7 where a court's discretion is limited to costs available under Fed. R. App. P. Rule 39. Class Counsel[1] have made no showing that these appellate costs supposedly caused by the Objectors/Appellants will be anywhere near the $15,000 that is sought. Costs recoverable under Fed. R. App. P. Rule 39 for an appellee and thus allowed to be included in a Fed. R. App. P. Rule 7 appeal bond are:

(1) The preparation and transmission of the record:

(2) the reporters transcript, if needed to determine the appeal:

(3) Premiums paid for a supersedeas bond or other bond to preserve rights pending appeal: and,

(4) The fee for filing the notice of appeal.

Class counsel has no grounds to insinuate that the appeal by Sibley is in bad faith. Nowhere in either Fed. R. App. P. Rule 7 or Fed. R. App. P. Rule 39 are additional attorney fees, administrative expenses or a delay caused by an appeal mentioned. The attempt to require Sibley to post a bond is nothing but a thinly

---

[1] The Mendelsohn affidavit lacks any supporting facts.

disguised attempt to deny class members their rights to have the settlement reviewed.

Class Counsel is incorrect that there is no good faith basis for appealing the court's order approving settlement. An appeal should be decided by the appellate court and to the extent that an appellate court finds an appeal is "frivolous," the remedy is a motion in the appellate court under Fed. R. App. P. Rule 38 and/or a Fed. R. App. P. Rule 7 motion to summarily dismiss an appeal, not a district court order issuing a punitive appeal bond.

There are, as Class Counsel notes, cases requiring an appeal bond, but likewise there are cases in which no bond was required or where the bond was more in line with the actual costs. The proposed amount is excessive under Fed. R. App. P. Rule 7. By failing to present any evidence of actual marginal appellate costs in their motion, Plaintiffs have waived the issue. There is no basis for a bond, period.

## E.    CASES SUPPORTING MINIMAL BOND AMOUNTS

Many courts have recognized that Appellees move to require an appeal bond as more than a method to discourage appeals. This is particularly true in class action cases. Contrary to Class Counsel's cases, many other courts in class actions have set no bonds or bonds in a minimal amount. In setting an appeal bond, in the absence of a "fee shifting statue", how can a cost that is not recoverable at the end of an appeal be included in a bond whose function is to secure recoverable costs.

8

See, *Schulken v. Wash. Mut. Bank,* No. 09-cv-02708-LHK, 2013 U.D. LEXIS 48175 (N.D. Cal. Apr. 2, 2013).[2] Federal Rule of Appellate Procedure 7 ("Rule 7") provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The district court has discretion to determine the amount of a bond. See, *Azizian v Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007). Fed. R. App. P Rule 39(e) provides:

The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

    (1) the preparation and transmission of the record;

    (2) the reporter's transcript, if needed to determine the appeal;

    (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

    (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e). 28 U.S.C. § 1920 lists the following as taxable costs:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

---

[2] Class Counsel admit that no "fee shifting statute" is involved, see Plaintiff's Brief in Support of Motion for Award of Attorneys' Fees, Expenses and Incentive Awards at page 4 lines 4-8.

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In *Everett v. Trump University*, LLC 10-cv-940, 2017 (S.D. Cal. June 19, 2017) class counsel sought a bond in the amount of $147,388.00, which included taxable costs and administrative expenses. The Court disallowed the administrative expenses and set the bond at $500.00, the likely amount of costs recoverable under the Rules. See also, *In re Magsafe Apple Power Adapter Litg.*, 571 F. App'x 560 (9th Cir. 2014).

In *Vaughn v. Am. Honda Motor Co*, 627 F. Supp. 2d 738 (E.D. Tex. 2007) the District Court set a bond in the amount of $150,000.00, but on appeal the Fifth Circuit reduced the bond to $1,000.00. See, *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007).

Another District Court considered the proper amount of a bond under Fed. R. App. P. 7. Class counsel sought a bond in the amount of $5,000.00 in the case of *In re: Enfamil Lopil Mktg. and Sales Prac. Litig.*, No. 11-md-02222, 2012 U.S. Dist. LEXIS 49254 (S.D.Fla. Apr. 9 2012). The Court found that class counsel had failed to provide documentation to support a $5,000.00 bond a situation similar to this case where the Mendelson affidavit has no factual support. As a result the Court set the amount of the bond at $1,000.00.

## F. CLASS COUNSEL'S COST AFFIDAVIT

Class Counsel should be sanctioned for deliberately misleading the court as to the costs on appeal. It is clear to any reasonable mind that the bond sought is grossly excessive. It is clear to class counsel that their motion was filed in bad faith based upon their own prior experience. There was not a single case cited to

show a bond of $15,000.00 was reasonable in counsel's opinion. Conversely they
knew their request is grossly high based on their own experience in *Dewey, Supra.*

## CONCLUSION

There is no basis for the posting of a bond. Sibley is not a "professional
objector." The appeal is based upon good faith and founded on precedent. In fact,
the motion to require a bond is itself so baseless as to be grounds for sanctions
against Class Counsel. Sibley prays that Class Plaintiffs' motion be denied.

## RELIEF

Objector Sibley requests the Court to deny the Motion of Plaintiffs
Requiring the Objector to Post a Bond.

Respectfully submitted,

Gary W. Sibley
The Sibley Firm
Texas State Bar No. 18337700
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Phone: 214-522-5222
Fax: 214-855-7878
g@juris.cc

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been

served by U.S. Mail to the persons listed below on November 2, 2017.

Mathew R. Mendelsohn, Esq.
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, NJ  07068

Christopher J. Dalton
Buchanan Ingersoll & Rooney PC
550 Broad St., Suite 810
Newark, NJ 07102-4582

Clerk of the Court
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101